<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
GARDELL HUNT,                      :
                                   :   Civil Action No. 14-6024 (RMB)
            Petitioner,            :
                                   :
       v.                          :
                                   :
STEPHEN D'ILIO, et al.,            :
                                   :   **<u>MEMORANDUM OPINION</u>**
            Respondents.           :
_____:

**BUMB, District Judge:**

    This matter comes before the Court upon Petitioner's filing of a § 2254 application ("Petition"), <u>see</u> Docket Entry No. 1, which arrived accompanied by certain exhibits and his duly executed request to proceed in this matter <u>in forma pauperis</u>. <u>See</u> Docket Entries Nos. 1-1, 1-2 and 1-3.

    Petitioner is a state prisoner currently confined at the New Jersey State Prison, Trenton, New Jersey.[1]  <u>See</u> Docket.

> The State charged [Petitioner] with committing murder
> and two weapons-related offenses.  [Petitioner] and the
> victim's brother engaged in an altercation several
> weeks before the shooting.  The State's theory was that
> [Petitioner] shot the victim either in retaliation for
> the victim's brother's failure to make a drug payment,
> or in a case of mistaken identity.  [Petitioner]
> asserted an alibi defense. . . .  At the conclusion of

---

    [1]  Since Petitioner's conviction underlying the instant matter was rendered by the Superior Court of new Jersey, Law Division, Camden County, this matter – initially commenced with the Trenton vicinage of this District – was reassigned to the undersigned on October 7, 2014.  <u>See</u> Docket Entry No. 2.

>the trial, the jury found [Petitioner] guilty of murder and the weapons-related offenses. [The trial judge] sentenced [Petitioner] to forty-five years in prison, subject to the No Early Release Act ("NERA"), N.J. S[tat.] A[nn. §] 2C:43-7.2, consecutive to an aggregate prison term of five years on the weapons convictions. [The Appellate Division] affirmed the convictions but remanded for re-sentencing. On remand, the [trial] judge . . . imposed an aggregate prison term of forty-five years subject to NERA. [Petitioner] appealed from the re-sentence, but later withdrew [his second direct appeal] because his [application for post-conviction relief ("PCR")] was [already] pending.

State v. Hunt, 2013 WL 5951494, at *1 (N.J. Super. Ct. App. Div., Nov. 8, 2013) (dismissing Petitioner's appellate PCR challenges), certif. denied, 217 N.J. 623 (2014).[2]

The state courts' records indicate that during Petitioner's direct appellate proceedings he raised the following claims ("Direct Claims"), some of which were "umbrella" claims that included sub-claims and even claims within those:

Point I  [Petitioner's] trial was wrongfully tainted by the improper admission pursuant to N.J.R. Evid. 404(b) of prior-wrongs evidence[:]

   A.  [T]he trial court's admission of the prior-wrongs evidence pursuant to N.J.R. Evid. 404(b) should be reviewed under a de novo standard[,]

   B.  [U]nder N.J.R. Evid. 404(b) and New Jersey case law, there are clearly defined criteria that must be met before evidence of prior-wrongs is admitted[:]

      1.  The evidence of the altercation and the drug sales is not relevant to a material issue[,]

---

[2]  The Supreme Court of New Jersey denied Petitioner certification as to his PCR application on June 5, 2014. See Hunt, 217 N.J. 623.

   2. The probative value of the evidence of the altercation and the drug sales is outweighed by its apparent prejudice[,]

   3. Even if some evidence relating to the altercation and the drug sales would have been admissible, the trial court nonetheless erred by failing to limit the scope and content of the evidence admitted[,]

Point II [Petitioner's] conviction for murder must be reversed because the trial court committed plain error by instructing the jury that it need not reach a unanimous verdict as to which specific crime of murder, if any, [Petitioner] committed[,]

Point III [Petitioner's] convictions for murder, possession of a weapon for an unlawful purpose, and unlawful possession of a handgun should be reversed because his defense counsel rendered ineffective assistance, in violation of . . . the [S]ixth [A]mendment . . . .[:]

   A. [T]his issue is ripe for decision on direct appeal[,]

   B. [D]efense counsel was ineffective in failing to seek severance[,]

Point IV [Petitioner's] convictions were tainted by the admission of unduly prejudicial, highly inflammatory evidence[,]

Point V [Petitioner's] sentence was excessive and requires remand[.]

State v. Hunt, 2007 WL 4355487, at *1-2 (N.J. Super. Ct. App. Div., Dec. 12, 2007) (capitalization removed).

  The state courts' records also indicate that during Petitioner's collateral state proceedings he raised the following claims ("PCR Claims"):

3

> Point I    The trial court erred in denying [Petitioner's PCR application] since he failed to receive adequate legal representation from trial counsel as a result of counsel's failure to effectively contest the State's elicitation of hearsay testimony from two of its witnesses under the guise that it constituted an excited utterance[,]
>
> Point II   The trial court erred in denying [Petitioner's PCR application] relating to trial counsel's failure to adequately address the testimony elicited pursuant to the excited utterance doctrine as being procedurally barred pursuant to Rule 3:22-4[,]
>
> Point III  The trial court erred in denying [Petitioner's PCR application] without affording [PCR] counsel the opportunity to present oral argument.

Hunt, 2013 WL 5951494, at *2.

Petitioner's exhibits, Docket Entries Nos. 1-2 and 1-3, suggest that Petitioner might have raised other challenges in his pro se submissions filed during direct and/or PCR proceedings. See id. This Court's scrupulous review of Docket Entries Nos. 1-2 ans 1-3 suggests that such other challenges were raised either before the Law Division or before the Appellate Division, but none of these other challenges were raised before: (a) the Appellate Division and the Supreme Court of New Jersey during Petitioner's direct appeal; or (b) the Law Division and the Appellate Division and the Supreme Court of New Jersey during Petitioner's PCR proceedings. See id. In other words, it appears that these other challenges were scattered, sporadically, throughout various pro se briefs filed with different levels of the state court during different proceedings. See id.

4

The Petition at bar does not state which claims Petitioner wishes to litigate in the instant matter.  <u>See</u>, <u>generally</u>, Docket Entry No. 1.  Rather, it utilizes an ambiguous phrase "see addendum" which, seemingly, refers to Docket Entries Nos. 1-2 and 1-3.  <u>See</u> Docket Entry No. 1, at 6-8.  In other words, it appears that Petitioner desires to incorporate every claim he raised with any state court "by reference."  So pled, the Petition is facially deficient.  This Court, therefore, will dismiss the Petition without prejudice to Petitioner's filing of a <u>bona</u> <u>fide</u> amended pleading.

**I.     Pleading Requirement**

Habeas Rule 2(c) neither envision a pleading of "umbrella" claims containing "sub-grounds" (or "sub-sub-grounds") that are different claims nor allows a pleading by "incorporation by reference."  <u>See</u> 28 U.S.C. § 2254 Rule 2(c)(1); <u>see</u> <u>also</u> 28 U.S.C. § 2254 Rule 2(d) ("The petition must substantially follow . . . the form . . . prescribed by a local district-court rule"); <u>Cox v. Warren</u>, 2013 U.S. Dist. LEXIS 161588, at *4 and n.2 (D.N.J. Nov. 13, 2013) ("umbrella" claims are unacceptable).

> "Habeas corpus petitions must meet heightened pleading requirements," <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994), and Habeas Rule 2(c) requires a petitioner to "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(2) . . . . [Petitioner's habeas petition] shall state all Petitioner's claims, asserting each claim individually, detailing the legal challenge and supporting factual predicate of each claim separately, without making any references or

5

>   incorporations-by-reference to Petitioner's prior
>   submissions . . . .

Jones v. United States, 2014 U.S. Dist. LEXIS 101272, at *2-4 (D.N.J. July 24, 2014).

Thus, Petitioner's amended habeas petition shall detail each of his claims <u>individually</u> and <u>without</u> any incorporation-by-reference: by expressly stating the exact legal challenge and supporting factual predicate of every claim.

**II.   The Exhaustion Requirement**

As noted <u>supra</u>, this Court's comparison of the state courts' decisions (rendered with regard to Petitioner's direct and PCR claims) and Petitioner's Docket Entries Nos. 1-2 and 1-3 suggests that only the claims addressed in the state courts' decisions were properly exhausted.

A state prisoner applying for a § 2254 writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State" unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1); <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Toulson v. Beyer</u>, 987 F.2d 984, 987 (3d Cir. 1993); <u>see also</u> <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919 (2001).  The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."

6

Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).

It means that a § 2254 petitioner must exhaust state remedies by presenting each of his claims to each level of the state courts empowered to hear those claims, either on direct appeal or during post-conviction proceedings.[3] See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999); 28 U.S.C. § 2254(c). Only if a petitioner's federal claims have been fairly presented to each level of the state court, including the state's highest court, is the exhaustion requirement satisfied. See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350. Where any available procedure remains, even only a theoretical or hypothetical one, the petitioner has not exhausted the available remedies. See 28 U.S.C. § 2254(c). Correspondingly, district courts should dismiss petitions containing unexhausted claims, even if it is

---

[3] In other words, each claim raised on direct appeal must be presented to the Appellate Division and to the Supreme Court of new Jersey in order to be raised in Section 2254 review, while each claim raised during PCR proceedings must be presented to the Law Division and the Appellate Division and the New Jersey Supreme Court in order to be raised in Section 2254 review. A fortiori, the multitude of Petitioner's withdrawn claim cannot possibly qualify as "exhausted," since none of those claims was not presented to even one level of the state courts.

not likely that a state court will consider the claims on the merits.  See Rose, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").

Paramount here, if a petition contains a mix of duly exhausted and unexhausted claim (such petitions are referred to as "mixed" petitions), the petition is also subject to dismissal.

> Faced with [a] "mixed" petition, the District Court ha[s] four options: [(1)] dismiss the petition without prejudice under Rose, [(2)] "stay and abey" under Rhines [v. Weber, 544 U.S. 269 (2005), if the petitioner's unexhausted claims qualify as "colorable" claims, so to allow the petitioner an opportunity to exhaust his unexhausted colorable claims in the state courts], [(3)] allow [the petitioner] to delete his unexhausted claims, see Rhines, 544 U.S. at 278, or, [(4)] if all of his claims are [facially] meritless, deny the petition under § 2254(b)(2) (allowing denial of a petition on the merits "notwithstanding the failure of the applicant to exhaust").

Mahoney v. Bostel, 2010 U.S. App. LEXIS 3916, at *5-6 (3d Cir. Feb. 24, 2010) (footnote omitted).

> The petitioner generally bears the burden to prove all facts establishing exhaustion.  See Toulson, 987 F.2d [at] 987 . . . .  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  See Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal

> theory and factual predicate must also be the same with regard to each particular claim.  See id. at 277.  For instance, if - during his . . . state litigations - a petitioner asserts two different factual predicates (i.e., two different sets of factual events) and two different federal claims, with each claim being correlated to its particular factual predicate, the petitioner cannot later "cris-cross" these factual predicates and claims for the purposes of his federal habeas proceedings.

Salas v. Warren, 2013 U.S. Dist. LEXIS 59728, at *13-15, n.2 (D.N.J. Apr. 25, 2013).  Thus, Petitioner's amended habeas petition shall include only those claims that were duly exhausted in all levels of the state court empowered to hear those claims.

**III. The Claims Must Be Cognizable Federal Challenges**

In addition to the shortcomings discussed supra, many claims raised by Petitioner during his state proceedings were based, expressly, on alleged misapplications of the state law (or raised arguments that became moot after Petitioner's state proceedings concluded).  Such claims are not cognizable in federal review. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," not state rules, statutes or state cases law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen Cty Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."

Smith v. Phillips, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."  Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).  "[E]rrors of state law cannot be repackaged as federal errors."  Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  Indeed, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).  Therefore, a litigant's § 2254 challenges should be limited to, and only to, claims based on federal law that were duly exhausted in the state courts.  Thus, Petitioner's amended pleading must containing only such claims.[4]

---

[4]  For instance, it appears that Petitioner's Point I of his Direct Claims is expressly based on, and only on, state rules and state case law.  Moreover, Petitioner's Point I(B)(2) of his Direct Claims appears wholly duplicative of his Point IV of those Claims: if so, these Points cannot be raised simultaneously.  His Point III(A) of the Direct Claims (arguing that a certain issue was ripe for appellate review during his direct appeal) has become moot after the direct appellate process concluded and that issue was raised during his PCR proceedings.  Hence that Point has no place in Petitioner's § 2254 Petition.  His Point V of the Direct Claims (seeking remand on the sentencing grounds) is also moot and, in addition, comes dangerously close to being a mockery of this Court: since the requested relief was, indeed, granted to Petitioner by the Appellate Division.  Petitioner's Points I and II of his PCR Claims also appear duplicative of each other and, if so, should not be raised simultaneously.  Moreover, Point II of his PCR Claims is, seemingly, raising an expressly state-law based challenge.  To add, Petitioner's Point III of the PCR Claims (asserting that his PCR counsel was entitled to an oral argument before the Law Division) presents no federal challenge.

**IV. Conclusion**

For these reasons, Petitioner's application to proceed in this matter in forma pauperis will be granted.

His Petition will be dismissed.  Such dismissal will be without prejudice to Petitioner's filing of a bona fide timely amended § 2254 petition.

Such amended petition shall list each Petitioner's claim individually and shall expressly state the legal challenge and factual predicate of each claim, without any incorporation by reference.  In addition, each such claim should raise a challenge asserting a specific violation the United States Constitution or federal laws, or treaties of the United States, not state law and not a mooted claim.  Finally, each claim included in the amended petition shall be duly exhausted at all levels of the state court, i.e., the same legal challenge and the factual predicate should have been presented to each level of the state court empowered to hear that particular claim.

In the event Petitioner has unexhausted federal claims and wishes to seek stay and abeyance in order to return to the state courts to duly exhaust his state remedies with regard to those unexhausted claims, he shall file not an amended petition but a

---

The totality of Petitioner's submission illustrates that a litigant cannot simply copy his state challenges into his § 2254 pleading.

written statement establishing that his unexhausted claims are colorable.

In the meanwhile, this matter will be administratively terminated subject to reopening upon Petitioner's filing of a bona fide amended § 2254 petition or an appropriate written statement. See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013) ("administrative closings [are not final dismissals on the merits; rather, they] are a practical tool used by courts to prune overgrown dockets").

No statement made in this Memorandum Opinion or in the accompanying Order shall be construed as this Court's withdrawal of its jurisdiction over this matter.

An appropriate Order follows.

                    s/Renée Marie Bumb
                    **RENÉE MARIE BUMB**
                    **United States District Judge**

Dated: November 10, 2014