**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| GARDELL HUNT, | |
| Petitioner, | Civil Action No. 14-6024(RMB) |
| v. | **OPINION** |
| STEPHEN D'ILIO, et al., | |
| Respondents. | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's submission of an Amended Petition under 28 U.S.C. § 2254. (ECF No. 5.) Petitioner is a state prisoner confined in New Jersey State Prison, in Trenton, New Jersey. (Id. at 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must examine the petition and, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, dismiss the petition and direct the Clerk to notify the petitioner.

28 U.S.C. § 2254(a) provides:

1

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

For Ground One of the Amended Petition, Petitioner stated: "[w]hether the admission of evidence of Hunt's prior drug dealing activities to show motive was proper pursuant to N.J.R.E. 404(B) and under the standard articulated in **State v. Cofield**." (Amended Pet., ECF No. 5 at 6.) For Ground Two of the Amended Petition, Petitioner stated:

> Whether, even assuming the evidence of Hunt's prior drug dealing activities for purposes of showing motive were proper pursuant to N.J.R.E. 404(B) and under the **Cofield** standard, such evidence should have been precluded because the trial court and the Appellate Division both made the same fundamental error when they each determined that certain prior-wrongs evidence was admissible pursuant to N.J.R.E. 404(B) and stopped there.

(Id. at 7.)

For Ground Three of his Amended Petition, Petitioner stated:

> Whether the trial court, in making a determination of the admissibility of prior-wrongs evidence pursuant to N.J.R.E. 404(B) and under the fourth prong of the **Cofield** test, should have utilized the more exacting admissibility standard articulated in **State v. Reddish** rather than the more lenient admissibility standard articulated in

2

>      N.J.R.E. 403 and **State v. Hernandez.** The
>      appeal filed by Petitioner was denied by the
>      Court.

(Id. at 7.)

   The Amended Petition contains claims solely of misapplication of state law in Petitioner's state court proceedings. State law claims are not cognizable in federal review. "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") The Amended Petition will be dismissed without prejudice in the accompanying Order. Plaintiff will be given thirty days to file an Amended Petition that includes only exhausted federal claims.


                              s/Renee Marie Bumb
                              RENÉE MARIE BUMB
                              United States District Judge